UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAUL JULIUS FLETCHER,           )
                                )
        Plaintiff,               )
                                )
        v.                       )         Civil Action No. 13-0447 (RC)
                                )
                                )
U.S. DEPARTMENT OF JUSTICE,      )
                                )
        Defendant.               )

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, learned from a Freedom of Information Act ("FOIA") request in 2011 that records pertaining to his arrest and indictment in 1974 were destroyed in 1991. *See Fletcher v. U.S. Dep't of Justice*, 905 F. Supp. 2d 263 (D.D.C. 2012) ("*Fletcher I*") (dismissing FOIA/Privacy Act action). In what is captioned "Complaint for Declaratory and Injunctive Relief," ECF No. 1, plaintiff now sues the Department of Justice ("DOJ") for $200 million in damages for injuries he allegedly suffered as a result of the destroyed records. Plaintiff brings his claims under the Privacy Act, 5 U.S.C. § 552a, the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-06, the Federal Records Act ("FRA"), 44 U.S.C. §§ 2901-10, and the First and Fifth Amendments to the Constitution. *Id*. at 1.

Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Def.'s Mot. to Dismiss Pl.'s Compl., ECF No. 13. Plaintiff has opposed the motion, *see* Pl.'s Mot. to Respond to Def.'s Mot. to Dismiss Pl.'s Compl., ECF No. 15, and defendant has replied, Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. to Dismiss Pl.'s Compl., ECF No. 16. Upon

1

consideration of the parties' submissions, the Court will grant defendant's motion and dismiss the case.

## I. BACKGROUND

This action stems from *Fletcher I* where defendant "conced[ed] the impropriety of its destruction of [p]laintiff's records . . . ." *Fletcher*, 905 F. Supp. 2d at 267. Because in that case brought under the FOIA and the Privacy Act, "it [was] undisputed that the requested documents do not exist, and none of [p]laintiff's other requested relief (perhaps excluding costs) [was] available," the Court granted defendant's motion and dismissed the case without prejudice. *Id*. at 268-69. The Court found that "the Government's explanation, which attributes the destruction to inadvertence and negligent error, . . . vitiates [p]laintiff's assertion of willfulness or deliberate destruction." *Id*. at 267-68. It noted that "[t]o the extent [p]laintiff believes himself entitled to some additional form of monetary relief for the improper destruction [of records], he may bring a separate action so requesting," or "if he subsequently suffers an adverse decision as a result of the records destruction," he could "revive" his Privacy Act claim. *Id*. at 268-69. The Court also noted that plaintiff could "seek documents from the Superior Court[,] [but] offer[ed] no opinion as to [plaintiff's] likelihood of success in any of these ventures." *Id*. at 269.

Plaintiff commenced this action in April 2013, five months after *Fletcher I*. He describes his "injury as an inability to obtain through FOIA, information necessary to accomplish [p]laintiff[']s mission . . . to understand the charges, and convictions, which is traceable directly to the defendants' policy and practice of unlawfully [destroying his] records . . . ." Compl. at 3-4. Plaintiff concludes that "DOJ negligently failed to maintain [his] case files by destroying them," and, as a result, he "has suffered great mental anguish and anxiety, producing physical symptoms based on defendant's conduct." *Id*. at 11.

## II. LEGAL STANDARDS

1. <u>Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction</u>

Federal courts are courts of limited jurisdiction, and the law presumes that "a cause lies outside this limited jurisdiction . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). It is the plaintiff's burden to establish that the court has subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Because subject matter jurisdiction focuses on the Court's power to hear a claim, the Court must give the plaintiff's factual allegations closer scrutiny than would be required in deciding a Rule 12(b)(6) motion for failure to state a claim. *See Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). Thus, the court is not limited to the allegations contained in the complaint. *See Wilderness Soc'y v. Griles*, 824 F. 2d 4, 16 n.10 (D.C. Cir. 1987).

2. <u>Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim</u>

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim" in order to give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). A motion to dismiss under Rule 12(b)(6) does not test a plaintiff's ultimate likelihood of success on the merits; rather, it tests whether a plaintiff has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982). A court considering such a motion presumes that the complaint's factual allegations are true and construes them liberally in the plaintiff's favor. *See, e.g., United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000). It is not necessary for the plaintiff to

plead all elements of a prima facie case in the complaint. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002); *Bryant v. Pepco*, 730 F. Supp. 2d 25, 28-29 (D.D.C. 2010).

Nevertheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means that a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are therefore insufficient to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678. A court need not accept a plaintiff's legal conclusions as true, *see id.*, nor must a court presume the veracity of the legal conclusions that are couched as factual allegations. *See Twombly*, 550 U.S. at 555. In deciding a motion to dismiss under Rule 12(b)(6), the Court may take judicial notice of facts litigated in a prior related case. *See Oveissi v. Islamic Republic of Iran*, 879 F. Supp. 2d 44, 49-50 (D.D.C. 2012).

### III. DISCUSSION

1. Subject Matter Jurisdiction

Defendant argues that plaintiff's claims for monetary damages under the APA and the Constitution are barred by sovereign immunity. Def.'s Mem. of P. & A. at 5-9. Sovereign immunity shields the federal government and its agencies from suit and is "jurisdictional in nature." *American Road & Transp. Builders Ass'n v. EPA*, 865 F. Supp. 2d 72, 79 (D.D.C. 2012) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)) (other citations omitted). The government may waive immunity, but such a waiver "must be unequivocally expressed in statutory text, and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted); *see also United*

*States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). To survive a motion to dismiss under Rule 12(b)(1), "[t]he plaintiff bears the burden of establishing both the court's statutory jurisdiction and the government's waiver of its sovereign immunity." *American Road & Transp. Builders Ass'n*, 865 F. Supp. 2d at 80 (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Tri–State Hosp. Supply Corp. v. United States*, 341 F.3d 571, 575 (D.C. Cir. 2003); *Jackson v. Bush*, 448 F. Supp. 2d 198, 200 (D.D.C. 2006)).

Defendant argues correctly that Congress has not waived the federal government's immunity from suit for claims seeking monetary damages under either the APA or the Constitution. The APA is a limited waiver statute that authorizes a claim against the United States for "relief other than money damages." 5 U.S.C. § 702; *see* § 706 (conferring jurisdiction upon the court "to compel agency action unlawfully withheld or unreasonably delayed; and [to] hold unlawful and set aside agency action, findings, and conclusions" upon making certain enumerated findings).

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, is a limited waiver statute that authorizes a claim for damages against the United States but only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Such consent does not encompass tort claims arising, as here, under the Constitution, *FDIC*, 510 U.S. at 476-78, or claims arising, as here, "out of the failure of the United States to carry out a federal statutory duty in the conduct of its own affairs." *Hornbeck Offshore Transp., LLC v. U.S.*, 569 F.3d 506, 509 (D.C. Cir. 2009) (citation and internal quotation marks omitted).

The Court finds that sovereign immunity shields defendant from monetary damages under

the APA and the Constitution and, thus, grants defendant's motion to dismiss these claims under Rule 12(b)(1).

    2. Failure to State a Claim

    A. The Federal Records Act

Defendant seeks dismissal of the claim brought under the FRA on the ground that "no direct private right of action exists." Def.'s Mem. of P. & A. at 10. In *Armstrong v. Bush*, the United States Court of Appeals for the District of Columbia Circuit specifically held "that the FRA precludes direct private actions to require that agency staff comply with the agency's recordkeeping guidelines." 924 F.2d 282, 297 (D.C. Cir. 1991). The Court explained that "[i]nstead, the APA authorizes the district court to entertain a properly pleaded claim that the Archivist or an agency head has breached the statutory duty to take enforcement action to prevent an agency official from destroying records in contravention of the agency's recordkeeping guidelines or to recover records unlawfully removed from an agency."[1] *Id.* The instant complaint does not present such a claim, and "the availability of [declaratory] relief presupposes the existence of a judicially remediable right." *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011) (citation and internal quotation marks omitted) (alteration in original). Hence, the Court grants defendant's motion to dismiss the FRA claim under Rule 12(b)(6).

---

[1] The Court of Appeals did not discuss what remedies are available when a statutory breach is found. However, in *Fletcher I*, "the Government mention[ed] a Special Counsel investigation, criminal penalties, or reporting of the incident to the National Archives and Records Administration ("NARA")" as "potential remedies for . . . improper [record] destruction," and indicated that it had reported the incident involving plaintiff's records to NARA. *Fletcher*, 905 F. Supp. 2d at 268. Hence, any potential claim under the APA concerning a report to NARA appears to be moot, the criminal prosecution option is beyond this court's civil jurisdiction, and the Special Counsel investigation option appears impractical for an event that took place in 1991.

B.  The APA Claim for Equitable Relief

The APA authorizes judicial review of final agency action by persons "adversely affected" by such action and for which there is no other adequate judicial remedy.  5 U.S.C. § 702; *Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006); *see accord American Road & Transp. Builders Ass'n v. EPA*, 865 F. Supp. 2d at 81 ("[T]he waiver of sovereign immunity under § 702 is limited by the 'adequate remedy' bar of § 704.") (quoting *Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F. 3d 930, 947 (D.C. Cir. 2004)).  The only discernible final agency action in this case is defendant's denial of plaintiff's FOIA request, which plaintiff properly challenged under the FOIA in *Fletcher I*.  Because the FOIA forecloses plaintiff's "cause of action under the APA," *Reliable Automatic Sprinkler Co., Inc., v. Consumer Prod. Safety Com'n*, 324 F.3d 726, 731 (D.C. Cir. 2003), the Court grants defendant's motion to dismiss the APA claim under Rule 12(b)(6).

C.  The Privacy Act Claim

Plaintiff alleges that defendant's destruction of his records violated subsections (e)(1), (e)(2), (e)(6), (e)(9), and (e)(10) of the Privacy Act.  Compl. at 11.  These provisions generally require that records collected and maintained in an agency's system of records contain "only such information about an individual as is relevant and necessary to accomplish [an authorized] purpose of the agency," 5 U.S.C. § 552a(e)(1), and that such records be maintained in a manner that assures their accuracy, completeness, timeliness and relevancy.

The Privacy Act provides for civil remedies in the form of actual damages of no less than $1,000 and litigation costs upon a showing that an agency has failed to comply with the foregoing provisions "in such a way as to have an adverse effect on an individual."  § 552a(g)(1)(D).  The United States may be held liable for such damages, however, only if the court "determines that the agency acted in a manner which was intentional or willful."  *Id*. § 552a(g)(4); *see accord Hurt v.*

7

*D.C. CSOSA*, 827 F. Supp. 2d 16, 20 (D.D.C. 2011) ("The intent element of a Privacy Act damages claim is a high hurdle to clear . . . . [A] violation of the statute 'must be so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful.' ") (quoting *Maydak v. U.S.*, 630 F.3d 166, 179 (D.C. Cir. 2010)).

In support of his argument that defendant acted willfully or intentionally, plaintiff asserts that his "case files were sought to be disposed of to prevent detection of DOJ improprieties that plaintiff was never indicted for the charges he was convicted of." Pl.'s Opp'n at 4. Plaintiff has not substantiated this claim by, for example, showing that his conviction has been invalidated or supplying a court decision that has even addressed his accusations. Regardless, plaintiff's argument on the intent element is belied by the Court's previous finding to the contrary. *See Fletcher*, 905 F. Supp. 2d at 267-68 ("[T]he Government's explanation, which attributes the destruction to inadvertence and negligent error, . . . vitiates [p]laintiff's assertion of willfulness or deliberate destruction."). Relying on a factually developed record, the Court reasoned:

> Indeed, the destruction occurred in 1991--twenty years before ]p]laintiff's FOIA request. This is clearly not a situation in which the Government destroyed records to avoid disclosure. The documents sought, moreover, are hardly clandestine materials; rather, the indictment and judgment of conviction were (and may still be) publicly available from the Superior Court.

*Id*. at 268. The Court agrees with this reasoning and, thus, has no basis to find that defendant's conduct rose to the level of violating the Privacy Act. Although this determination defeats the Privacy Act claim, the Court, for the sake of finality, will address why plaintiff would not be entitled to damages even if a violation had occurred.

In assessing the same injury asserted here, *i.e.*, the inability to obtain records under the FOIA to challenge a conviction, the Court in *Fletcher I* found that plaintiff had not pleaded an

8

injury sufficient to recover actual damages under the Privacy Act because "there has not yet been any adverse determination against [p]laintiff from the destruction of records." *Id.* (citing *Chambers v. U.S. Dept. of Interior*, 568 F.3d 998, 1007 (D.C. Cir. 2009)). Although the Court indicated that plaintiff could "revive" his Privacy Act claim should he suffer an adverse determination, the instant claim does not suffice because it is based on the same injury already determined to provide no basis for recovery under § 552a(g)(1)(C). *See Fletcher*, 905 F. Supp. 2d at 268. Subsection (g)(1)(C), however, applies to violations of the amendment and accuracy provisions set out at subsection (d) of the Privacy Act. This action is different insofar as plaintiff alleges violations of the record maintenance provisions set out at subsection (e), which are redressed under the "catch-all [remedial] provision" set forth at § 552a(g)(1)(D). *Deters v. U.S. Parole Com'n*, 85 F.3d 655, 660 (D.C. Cir. 1996). Despite the differences, the assessment of whether plaintiff is entitled to damages is the same in a "suit brought under the provisions of subsection (g)(1)(C) or (D)." § 552a(g)(4).

The catch-all provision authorizes a cause of action based on an "adverse effect" (as opposed to an adverse determination). *Chambers*, 568 F.3d at 1007, n.7 (citation omitted). Because the requested court documents might be available from the Superior Court where they originated, *see Fletcher*, 905 F. Supp. 2d at 267-68, plaintiff cannot show an adverse effect from the agency's destruction of copies of the same records. *See* Pl.'s Opp'n at 3-4 (asserting that he lost his "right to appeal his conviction" and to seek post-conviction relief because defendant destroyed "[a]ll . . . records relating to plaintiff['s] arrest, indictment or information, [and] trial finding of guilty"). Plaintiff also states that his "case files should be authenticated," *id.* at 4, but defendant is not responsible for authenticating court documents. *See Fletcher*, 905 F. Supp. 2d at 267 ("Plaintiff neglects the logical answer that [his] indictment was obtained from court, not

9

Government, records . . . ."); *see also id.* at 268 ("An agency does not control a record which has been destroyed . . . and it is under no obligation to obtain a duplicate of or to re-create a record in order to fulfill a FOIA request.") (quoting *James v. U.S. Secret Serv.*, 811 F. Supp. 2d 351, 358 (D.D.C. 2011) (citations omitted), *aff'd*, No. 11–5299, 2012 WL 1935828 (D.C. Cir. May 11, 2012) ( per curiam )). Hence, the Court grants defendant's motion to dismiss the Privacy Act claim under Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the case under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) is granted. A separate Order accompanies this Memorandum Opinion.

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge

Date: February 21, 2014